People, ex rel. Muscatello v Fludd (2018 NY Slip Op 06871)





People v Fludd


2018 NY Slip Op 06871


Decided on October 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-11696

[*1]The People of the State of New York, ex rel. Danielle Muscatello, on behalf of Richard Neff, petitioner,
v
Vera Fludd, Nassau County Sheriff, respondent.


Barket Epstein Kearon Aldea & LoTurco, LLP, Garden City, NY (Donna Aldea and Danielle Muscatello, pro se, of counsel), for petitioner.
Madeline Singas, District Attorney, Mineola, NY (Tara Coughlin and Amanda Burke of counsel), for respondent.
Writ of habeas corpus in the nature of an application for bail reduction upon Nassau County Indictment No. 1279N-18.



ADJUDGED that the writ is sustained, without costs or disbursements, to the extent that bail on Nassau County Indictment No. 1279N-18 is reduced to the sum of $1,000,000, which may be posted in the form of an insurance company bail bond in that sum or by depositing that sum as a cash bail alternative, on condition that (1) the defendant shall comply with all terms of any extant orders of protection issued against him; (2) the defendant shall stay away from the complainant and the subject children, and the home, school, business or place of employment of the complainant and the subject children, and the defendant shall refrain from contacting the complainant and the subject children in any manner, subject to any Family Court orders of parental access and custody; (3) the defendant shall surrender any and all passports he may have to the Office of the District Attorney of Nassau County and is prohibited from applying for any new or replacement passports; (4) the defendant shall wear an electronic monitoring bracelet, with monitoring services to be provided by an entity approved by the Office of the District Attorney of Nassau County and paid for by the defendant; any violations of the conditions set forth herein relating to the electronic monitoring of the defendant shall be reported by the electronic monitoring service provider to the Office of the District Attorney of Nassau County; (5) the defendant shall remain within and shall not travel beyond the geographical limits of the county of Suffolk, except for traveling directly to and from court appearances; and (6) the defendant shall provide to the Office of the District Attorney of Nassau County, in a form approved by the Office of the District Attorney of Nassau County, an affidavit in which he attests that if he leaves the jurisdiction he agrees to waive his right to oppose extradition from any foreign jurisdiction; and it is further,
ORDERED that upon receipt of a copy of this decision, order and judgment together with proof that the defendant has (1) given an insurance company bail bond in the sum of $1,000,000 or has deposited that sum as a cash bail alternative; (2) surrendered any and all passports to the Office of the District Attorney of Nassau County; (3) arranged for electronic monitoring with an [*2]entity approved by the Office of the District Attorney of Nassau County; and (4) provided the Office of the District Attorney of Nassau County with an affidavit, in a form approved by the Office of the District Attorney of Nassau County, attesting that if he leaves the jurisdiction he agrees to waive his right to oppose extradition from any foreign jurisdiction, the Warden of the facility at which the defendant is incarcerated, or his or her agent, is directed to immediately release the defendant.
LEVENTHAL, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court